## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**MATTHEW GAVULA**
1422 Bradley Lane
Warminster, PA 18974

   *Plaintiff,*

    vs.

**CITY OF PHILADELHIA,**
**PHILADELPHIA FIRE DEPARTMENT**
1515 Arch Street, 17th Floor
Philadelphia, PA 19106

    -and-

**JEFFREY THOMPSON,** *Fire*
*Commissioner*
1515 Arch Street, 17th Floor
Philadelphia, PA 19106

    -and-

**MARTIN MCCALL,** *Deputy Fire*
*Commissioner, EMS*
1515 Arch Street, 17th Floor
Philadelphia, PA 19106

   *Defendants.*

CIVIL ACTION

CASE NO.: _____

**JURY TRIAL DEMANDED**

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Matthew Gavula (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against the City of Philadelphia, Philadelphia Fire Department, Jeffrey Thompson, Fire Commissioner, and Martin McCall, Deputy Fire Commissioner (*hereinafter* referred to collectively as "Defendants") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e *et. seq.*), 42 U.S.C. § 1981, and the

Pennsylvania Human Relations Act ("PHRA"). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a) (4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania. As to any claims requiring administrative exhaustion under the EEOC or PHRC, Plaintiff properly exhausted such requirements and timely files this lawsuit.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

2

7. Defendant City of Philadelphia, Philadelphia Fire Department ("Defendant City" if referred to individually) is the sixth-most populous city in the United States, and it operates on of the nation's top-ten largest fire departments.

8. Defendant Jeffrey Thompson ("Defendant Thompson" where referred to individually) is the current Fire Commissioner. Defendant Thompson was appointed to be the Fire Commissioner by Defendant City's Mayor, Cherelle Parker in June of 2024.

9. Defendant Martin McCall ("Defendant McCall" where referred to individually) is the current Deputy Fire Commissioner, EMS. Defendant McCall became the Deputy Fire Commissioner, EMS in or about February 2024.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is a Caucasian/white male.

13. Plaintiff was hired by Defendant City on or about January 26, 2009; and in total, Plaintiff has worked for Defendant City for more than seventeen (17) years.

14. Plaintiff's current rank is that of Lieutenant (and his specific job title is Fire Paramedic Lieutenant).

15. Plaintiff has an exemplary record in that: (a) he has received merit increases, as well as promotion(s); (b) he has never been disciplined; and (c) he has many accolades and substantial accomplishments for which he has been praised during his long tenure with Defendant.

3

16.    Unfortunately, during his tenure with Defendant, Plaintiff has experienced pervasive race discrimination. Within Defendant, there is a preference for African-American personnel (or minorities in general), particularly in leadership positions.

17.    In fact, there is a long history of aiming to not elevate Caucasians to leadership roles within the Philadelphia Fire Department.

18.    Nearly the entire hierarchy above Plaintiff is primarily African-American.

19.    While working as Acting Captain, Plaintiff's immediate supervisor of the MIH was FPSC Russell Bryant (*hereinafter* "Bryant" – African-American).

20.    Plaintiff also primarily reported to Deputy Commissioner, Defendant Martin McCall (*hereinafter* "McCall" – African-American), as McCall was so actively involved in decision making, promotions, and unit matters.

21.    Defendant Jeffrey Thompson (*hereinafter* "Thompson" – African-American) is the Philadelphia Fire Commissioner.

22.    There is pervasive reverse racial discrimination within Defendant's Fire Department structure (towards Caucasian personnel).

23.    If a Caucasian employee engages in some type of wrongdoing, he or she is held to a higher standard and faces stiffer discipline or even termination. Yet, Defendant so institutionally perpetuates a pro-black environment and racism that Defendant's Fire Department actually hires or retains completely unqualified or very problematic personnel based on their race.

24.    The Honorable R. Barclay Surrick issued an opinion in March of 2025 in *Jared Jacobson v. City of Philadelphia* (Docket No.: 22-CV-01464) determining that there was sufficient evidence for a reasonable jury to conclude that Defendant McCall (Deputy Commissioner) was selectively hired for his job based upon his own race in lieu of Jared Jacobson (a Caucasian male).

25.     In 2022, Plaintiff took a civil service test for the position of Captain.

26.     Following testing for promotions, Defendant produces a civil service list that publishes rankings for potential promotions of Captains.

27.     Test scores are valid for a 2-year timeframe (identifying Plaintiff or others within the list "eligible" for promotion for a 2-year timeframe). The particular test (and eligibility list) Plaintiff took in 2022 expired as of October 31, 2024.

28.     Plaintiff was ranked **#8** on the civil service promotion list.

29.     By mid-2024, the prior seven (7) applicants had all been awarded positions (or promotions) as Captain. Stated differently, as of mid-2024 **Plaintiff was first in line for a promotion to Captain**.

30.     As of mid-2024, Plaintiff was employed as the "Acting Captain" for Defendant's Mobile Integrated Healthcare department and/or unit ("MIH").

31.     Plaintiff functioned as the Acting Captain for approximately 4-5 months prior to October 31, 2024, and Plaintiff's anticipated promotion was announced internally, within meetings, amongst high levels of leadership, and it was otherwise made clear that Plaintiff was going to be elevated to the position of Captain **before October, *but in any event, by no later than October 31, 2024***.

32.     Plaintiff was assured this was conclusive.

33.     However, in the weeks leading up to October 31, 2024, a new civil service eligibility list was disseminated. It showed that African-American personnel were ranked 1st and 2nd **if** hiring for a Captain took place *after* October 31, 2025.

34.     As a result, Plaintiff was not converted to a full-time Captain (despite expressly being told he would be promoted <u>by no later than 10/31/24</u>).

35. Plaintiff immediately complained and expressed concerns for not being considered for Captain as promised (and despite doing the role already).

36. In response, Defendant claimed there was no budget for the very role Plaintiff was *already* performing – and this is despite Defendant's history of creating job positions where desired, including for Plaintiff's predecessor by McCall (even when not in the budget).

37. Moreover, other Captains (African-American) should not have been retained due to inability to physically perform the role and Plaintiff should have been promoted much earlier than October 31, 2024 anyway (as other Captains didn't even meet retention criteria by many standards).

38. Plaintiff was not elevated or promoted through October 2024 because of his race.

39. As a direct, proximate and actual cause of Defendants' discrimination, Plaintiff suffered significant financial losses by non-promotion to his immediate and future finances, as well as to his retirement and benefit entitlements. Moreover, Plaintiff has suffered significant emotional distress.

40. Plaintiff's non-promotion for the reasons outlined in this lawsuit were at the behest, direction, and coordination of Defendants McCall and Thompson. They are therefore individually liable for such actions in their individual capacities (as named in this lawsuit).[1]

**Count I**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**(Racial Discrimination)**
**- Against Defendant City Only –**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in

---

[1] The only claim for which Plaintiff seeks individual liability in this lawsuit against Defendants McCall and Thompson is under § 1981 (through § 1983).

full.

42.     Plaintiff's non-promotion the position of Captain prior to October 2024 because of his race constitutes a violation Title VII.

## Count II
### Violations of 42 U.S.C. § 1981 (through 42 U.S.C. § 1983)
**(Racial Discrimination)**
**- Against All Defendants -**

43.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.     Defendants failed to promote Plaintiff because of his race, and Defendants' actions were:

- A matter of policy or decree from Defendant City itself as orchestrated by the highest-level executives of Defendant City (including the individual Defendants);

- Premised upon racial considerations.

45.     Defendants' actions as aforesaid of creating a culture of discrimination, making discriminatory decisions from the highest levels of executive management, and not promoting Plaintiff because of his race constitute violations of 42 U.S.C. § 1981.

## Count III
### Violations of the Pennsylvania Human Relations Act ("PHRA")
**(Discrimination & Retaliation)**
**- Against Defendant City Only -**

46.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47.     Plaintiff re-incorporates and re-alleges Counts I – II herein, as such actions constitute identical violations of the PHRA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to promote Plaintiff to the position in which he should have been elevated and make him entirely whole;

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;[2]

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

---

[2] Plaintiff seeks punitive damages only against the individual defendants to this lawsuit.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
Allison A. Barker, Esq. (326837)
Eight Neshaminy Interplex, Suite 210
Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com
abarker@karpf-law.com

Dated: August 10, 2026

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Matthew Gavula | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia, Philadelphia Fire Department, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                 (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                     (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                              (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                 (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (x )

| 8/10/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

**RELATED CASE IF ANY:**   Case Number:_____   Judge:_____

1.   Does this case involve property included in an earlier numbered suit?                                          Yes ☐

2.   Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3.   Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.   Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same   Yes ☐
     individual?

5.   Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
     If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated
action in this court.

---

**Civil Litigation Categories**

**A.**   *Federal Question Cases:*

- ☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.   FELA
- ☐ 3.   Jones Act-Personal Injury
- ☐ 4.   Antitrust
- ☐ 5.   Wage and Hour Class Action/Collective Action
- ☐ 6.   Patent
- ☐ 7.   Copyright/Trademark
- ☐ 8.   Employment
- ☐ 9.   Labor-Management Relations
- ☒ 10.  Civil Rights
- ☐ 11.  Habeas Corpus
- ☐ 12.  Securities Cases
- ☐ 13.  Social Security Review Cases
- ☐ 14.  Qui Tam Cases
- ☐ 15.  Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16.  All Other Federal Question Cases. *(Please specify)*:_____

**B.**   *Diversity Jurisdiction Cases:*

- ☐ 1.   Insurance Contract and Other Contracts
- ☐ 2.   Airplane Personal Injury
- ☐ 3.   Assault, Defamation
- ☐ 4.   Marine Personal Injury
- ☐ 5.   Motor Vehicle Personal Injury
- ☐ 6.   Other Personal Injury *(Please specify)*:_____
- ☐ 7.   Products Liability
- ☐ 8.   All Other Diversity Cases: *(Please specify)*_____
         _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications
beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or
federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory
judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the
money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a
violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GAVULA, MATTHEW

## DEFENDANTS

CITY OF PHILADELPHIA, PHILADELPHIA FIRE DEPARTMENT, ET AL.

**(b)** County of Residence of First Listed Plaintiff     Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability    ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &    Pharmaceutical Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability    ☐ 368 Asbestos Personal ☐ 340 Marine    Injury Product ☐ 345 Marine Product    Liability | | ☐ 835 Patent – Abbreviated New Drug Application ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability    **PERSONAL PROPERTY** ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | Product Liability    ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury    ☐ 385 Property Damage ☐ 362 Personal Injury -    Product Liability Medical Malpractice | ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | Exchange ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation ☐ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | Income Security Act | **FEDERAL TAX SUITS** | Act |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment    ☐ 510 Motions to Vacate | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | Accommodations    ☐ 530 General | | 26 USC 7609 | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty mployment    **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other Other    ☐ 550 Civil Rights ☐ 448 Education    ☐ 555 Prison Condition    ☐ 560 Civil Detainee -    Conditions of    Confinement | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE    8/10/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____